IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAG TRADING, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-12-745-F |
| | ) | Judge Stephen P. Friot |
| LSB INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LSB'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND FOR AN AWARD OF ATTORNEYS' FEES**

Defendant LSB Industries, Inc. ("LSB") respectfully requests that the Court dismiss JAG Trading, L.L.C.'s Third Amended Complaint (Doc. 28). Plaintiff's single cause of action fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and the Amended Complaint should be dismissed. Further, consistent with the Court's December 27, 2012, Order, LSB requests that the Court enter an award of attorneys' fees, or set a briefing schedule on the issue of attorneys' fees, for the cost of defending the Third Amended Complaint.

LSB hereby adopts and incorporates the Memorandum in Support attached hereto.

s/ J. Michael Grier
J. Michael Grier, OBA #20916
Christopher S. Dove
WARDEN GRIER, LLP
420 Nichols Road, Suite 200
Kansas City, MO  64112
Phone:  816-877-8100/Fax: 816-877-8179
Email: mgrier@wardengrier.com

-and-

Robert L. Magrini, OBA #12385
Marvin Laws, OBA #18759
Hayes Magrini & Gatewood
1220 North Walker Avenue, P.O. Box 60140
Oklahoma City, Oklahoma 73146-0140
(405) 235-9922; (405) 235-6611 (fax)
Email: rmagrini@hmglawyers.com
Email: mlaws@hmglawyers.com

***Attorneys for Defendant LSB Industries, Inc.***

**<u>MEMORANDUM IN SUPPORT OF LSB'S MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED COMPLAINT AND FOR AN AWARD OF ATTORNEYS' FEES</u>**

Defendant LSB Industries, Inc. ("LSB") respectfully requests that the Court dismiss JAG Trading, L.L.C.'s Third Amended Complaint (Doc. 22). On December 27, 2012, the Court entered its Order dismissing Plaintiff's Second Amended Complaint, including its third party beneficiary claim. Plaintiff's Third Amended Complaint reasserts the same third party beneficiary claim and ignores the Court's Order, as well as its Rule 11 warning. LSB requests that the Court *again* dismiss Plaintiff's claim and its suit. Further, consistent with the Court's Order, LSB requests that the Court enter an award of attorneys' fees, or set a briefing schedule on the issue of attorneys' fees, for the cost of defending the Third Amended Complaint.

## Procedural Background

In July 2010, Plaintiff filed its Complaint and then First Amended Complaint, which stated five causes of action. LSB filed a motion to dismiss Plaintiff's First Amended Complaint. In response, Plaintiff sought permission to file a Second Amended Complaint, which added a third party beneficiary claim as a sixth cause of action. LSB filed a motion to dismiss Plaintiff's Second Amended Complaint. On December 27, 2012, the Court entered its Order (Doc. 27) granting LSB's motion and dismissing all six claims of the Second Amended Complaint.

As part of its Order, the Court granted Plaintiff leave to file a Third Amended Complaint but only if, consistent with the requirements of Rule 11, Plaintiff could allege a claim that would survive a Rule 12(b)(6) motion to dismiss:

> Plaintiff should file a Third Amended Complaint only if plaintiff and its counsel are of the opinion that, viewing the matter in light of the principles stated in this order, and consistent with the relevant pleading standards and the strictures of Rule 11, plaintiff can plead a claim that will survive a Rule 12(b)(6) motion.

Order, at 11.

Plaintiff filed a Third Amended Complaint. Plaintiff lists six causes of action but states that it considers causes one through five to be dismissed pursuant to the Court's Order, and that it has only amended the sixth cause of action, which is the third party beneficiary claim.

## Factual Background

LSB is a manufacturing and engineering company based in Oklahoma City, Oklahoma that provides products for use in a wide array of industries. LSB is organized as a Delaware corporation. *See* Third Am. Compl. ¶ 3.

In 1983, LSB issued a series of Preferred Stock. *See* Am. Compl. ¶ 6; Certificate of Designation, attached as Ex. A to Third Am. Compl. Because the securities were preferred shares, they were issued under the terms of a Certificate of Designation. *See* Third Am. Compl. ¶¶ 6-10; Cert. Desig. The Certificate of Designation sets forth the rights and responsibilities of LSB and the holders of the Preferred Shares. *See* Third Am. Compl. ¶¶ 6-10; Cert. Desig.

As pled in the Amended Complaint, two primary rights are at issue in this case. *See* Third Am. Compl. ¶¶ 8, 10. One right concerned the "conversion" of Preferred Stock into common stock. Under the Certificate of Designation, the holders of Preferred Shares

had the right to convert their shares into common stock. *See* Third Am. Compl. ¶ 8. The Certificate of Designation provided:

> Conversion Privilege. The Convertible Preferred Stock will be convertible at any time at the election of the holder thereof into fully paid and nonassessable shares of LSB common stock.
>
> Each share of Convertible Preferred Stock shall be convertible into 40 shares of LSB common stock; provided however, that each holder of a fractional one-half share of Convertible Preferred Stock shall be entitled to convert such fractional one-half share into 20 shares of LSB Common Stock.
> . . .
>
> Any conversion may be effectuated by holder of Convertible Preferred Stock by giving to LSB written notice of an election to convert at least ten business days prior to the date of conversion.

*See* Third Am. Compl. ¶ 8; Cert. Desig. at 2-4. Therefore, the Certificate of Designation provided that each share of Preferred Stock could be converted into 40 shares of common stock. *See id.* The holders of the Preferred Shares could elect to convert their shares "at any time" by giving LSB "written notice . . at least ten business days prior" to the chosen conversion date. *See id*.

The second right at issue in this case concerned LSB's "redemption" or buyback of the Preferred Stock. The Certificate of Designation provided:

> Redemption Rights. . . .
>
> LSB may at any time, or from time to time as shall be permitted under the laws of Delaware, redeem the whole or any part of its Convertible Preferred Stock by paying to the holders thereof in cash $100 per share ($50 for a fractional one-half share of such Convertible Preferred Stock) at the date fixed for redem[pt]ion in the notice of redemption. Holders of the Convertible Preferred Stock may convert such stock into LSB common stock as provided above at any time prior to the notice for redemption.

*See* Third Am. Compl. ¶ 10; Cert. Desig. at 4-5. Therefore, LSB's redemption rights were subject to a formula for redemption – $100 per share – and stated that LSB could redeem the Preferred Shares at any time. *Id*. However, the two rights differed with respect to notice. While the shareholders must give ten days notice before conversion, there is no prior notice requirement attached to LSB's redemption rights. *Compare* Cert. Desig. at 4 to Cert. Desig. at 5.

LSB decided to consider exercising its redemption rights and, as a courtesy, sent a letter to all the holders of Preferred Shares, informing them of the imminent possibility. *See* Third Am. Compl. ¶ 12; December 30, 2011, Letter, attached as Ex. B to the Am. Compl. The December 30, 2011, letter informed Preferred Stock holders that LSB would be submitting the redemption plan to the Board of Directors for approval. *Id*. The letter also reminded the holders that their conversion right would terminate as of the date of the notice of redemption. *Id*.

Plaintiff alleges that it began to buy Preferred Shares at close to the same date that LSB sent the December 30 letter. *See* Third Am. Compl. ¶ 11. Specifically, Plaintiff alleges that it made several purchases of Preferred Shares in the "open market" from November 2011 through January 2012. *Id*. Plaintiff alleges that it purchased a total of 154 of the Preferred Shares. *Id*.

On February 21, 2012, LSB issued the redemption notice to all holders of the Preferred Shares. *See* Third Am. Compl. ¶ 14. The Redemption Notice informed holders of the Preferred Shares that the Board of Directors had approved the redemption plan, and that all outstanding Preferred Shares were being redeemed for $100 per share. *See*

Third Am. Compl. ¶ 14. Plaintiff states that on March 19, 2012, LSB redeemed Plaintiff's 154 Preferred Shares at $100 per share, totaling $15,400. *See* Third Am. Compl. ¶ 24.

## Motion to Dismiss Legal Standard

To survive a motion to dismiss, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A plaintiff must set forth facts demonstrating an entitlement to relief; therefore "a formulaic recitation of the elements of a cause of action will not do...." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. When considering a motion to dismiss, the Court should review the complaint and those documents attached to or referenced in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow,* 519 F.3d 1067, 1072 (10th Cir.2008); *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007). But a court is not bound to accept as true a plaintiff's legal assertions. *Iqbal,* 556 U.S. at 677–80, 129 S.Ct. at 1949–50.

## Plaintiff's Third Amended Complaint Again Fails to State a Third Party Beneficiary Claim

Plaintiff's Third Amended Complaint lists six causes of action. Plaintiff, however, concedes that the first through fifth causes of actions remain dismissed under the Court's December 27, 2012, Order, and that it is only submitting an amended sixth cause of action.

Plaintiff's sixth cause of action alleges that it is entitled to relief as third party beneficiary under DTC "Operational Arrangements." This is the same cause of action that the Court dismissed in its December 27, 2012, Order. As the Court explained:

> Under New York law, "[t]o create a third party right to enforce a contract, 'the language of the contract' must *clearly* evidence[] an intent to permit enforcement by the third party'". Consolidated Edison, Inc. v. Northeast Utilities, 426 F.3d 524, 528 (2d Cir. 2005) (citation omitted; emphasis in original).

Order, at 10. The Court then held that:

> Plaintiff, however, has pled no facts that would indicate that preferred shareholders such as itself were intended beneficiaries of either the NYSE Listing Agreement or the DTC Operational Arrangements. Rather, the Second Amended Complaint simply concludes that plaintiff is a third-party beneficiary of both documents. This is insufficient.

*Id.* at 10-11.

The third party beneficiary claim in Plaintiff's Third Amended Complaint does not cure the deficiencies the Court already identified in Plaintiff's claim. The Court dismissed Plaintiff's claim because it "simply concluded that plaintiff is a third-party beneficiary" under the DTC "Operational Agreements." Plaintiff's revised sixth claim ignores the Court's Order and repeats its conclusory allegation that it is a third party beneficiary. Despite the Court's guidance, Plaintiff still has not identified any contract language that "'*clearly* evidence[s] an intent to permit enforcement by'" Plaintiff. *See* Order (Doc. 27), at 10 (quoting *Consolidated Edison*, 426 F.3d at 528); *see also Levin v. Tiber Holding Corp.*, 277 F.3d 243, 248 (2d Cir. 2002) (citing *Restatement (Second) of Contracts* § 302)). Plaintiff's third party beneficiary claim and its Third Amended Complaint should be dismissed.

Further, even if it could establish that it was a third party beneficiary under the DTC "Operational Agreements," Plaintiff still fails to state a claim for relief. Plaintiff contends that the "Operational Agreements" require a 30-day notice of "*changes* to the terms of a conversion privilege." *See* Third Am. Cmplt. ¶¶ 64-66. But Plaintiff does not allege that LSB *changed* the terms of the conversion privilege. Plaintiff contends that LSB redeemed the Preferred Shares as provided for under the Certificate of Designation. *See* Third Am. Cmplt. ¶¶ 10, 14. Thus, even under the contractual obligations that Plaintiff alleges exist, Plaintiff has not alleged a breach of any obligation.

## CONCLUSION

For the reasons set forth above, Defendant LSB respectfully requests that the Court dismiss with prejudice the Third Amended Complaint of Plaintiff JAG Trading.

Further, consistent with the Court's December 27, 2012, Order, LSB requests that the Court enter an award of attorneys' fees, or set a briefing schedule on the issue of attorneys' fees, for the cost of defending the Third Amended Complaint.

s/ J. Michael Grier
J. Michael Grier, OBA #20916
Christopher S. Dove
WARDEN GRIER, LLP
420 Nichols Road, Suite 200
Kansas City, MO  64112
Phone:  816-877-8100/Fax: 816-877-8179
Email: mgrier@wardengrier.com

and

Robert L. Magrini, OBA #12385
Marvin Laws, OBA #18759
Hayes Magrini & Gatewood
1220 North Walker Avenue, P.O. Box 60140
Oklahoma City, Oklahoma 73146-0140
(405) 235-9922; (405) 235-6611 (fax)
Email: rmagrini@hmglawyers.com
Email: mlaws@hmglawyers.com

***Attorneys for Defendant LSB Industries, Inc.***